IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SHANE LANCOUR,

          Plaintiff,

  v.

HEATH PARSHALL,

          Defendant.

ORDER

15-cv-105-wmc

---

Plaintiff Shane Lancour filed this civil action pursuant to 42 U.S.C. § 1983, alleging that defendant Heath Parshall, a police officer with the La Crosse Police Department, used excessive force again him in violation of the Fourth Amendment. At plaintiff's request, the court recruited counsel Katelynn Williams and William Parsons of the law firm of Hawks Quindel in Madison, Wisconsin, to represent him *pro bono* for the remainder of this civil action. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."); *Pruitt v. Mote*, 503 F.3d 647, 653-54 (7th Cir. 2007) (en banc) (noting that § 1915(e)(1) confers, at most, discretion "to recruit a lawyer to represent an indigent civil litigant *pro bono publico*"). Accordingly, the court will enter their appearance as plaintiff's *pro bono* counsel for the record.

The next step is for the court to hold a status conference to reset the trial calendar in this case. Plaintiff's counsel should contact the Wisconsin Department of Corrections for purposes of consulting with plaintiff in the preparation of his case whether by phone and/or in person. So that counsel will have sufficient time to consult with plaintiff in advance of a preliminary pretrial conference, the clerk's office will be directed to set that conference in July 2017, as the court's schedule allows. Both sides at one point have indicated an interest in mediation, that point may be raised at the status conference.

Finally, plaintiff should appreciate that his counsel took on this representation out of a sense of professional responsibility, which includes representing zealously those clients they take on. Now that he is represented by counsel, plaintiff is advised that in return for representation plaintiff, too, has taken on a responsibility. For example, all future communications with the court must be through his attorney of record. Plaintiff must also work directly and cooperatively with his attorneys, as well as those working at their direction, and must permit them to exercise their professional judgment to determine which matters are appropriate to bring to the court's attention and in what form. Plaintiff does not have the right to require counsel to raise frivolous arguments or to follow every directive he makes. On the contrary, plaintiff should expect his counsel to tell him what he *needs* to hear, rather than what he might prefer to hear, and understand that the rules of professional conduct may preclude counsel from taking certain actions or permitting plaintiff from doing so.

If plaintiff decides at some point that he does not wish to work with his lawyers, he is free to alert the court and end their representation, but he should be aware that it is highly unlikely that the court will recruit a second set of attorneys to represent him.

ORDER

IT IS ORDERED that the clerk's office enter Katelynn Williams and William Parsons of the law firm of Hawks Quindel as plaintiff's *pro bono* counsel of record and to set this case for a status conference in July 2017, as the court's schedule allows.

Entered this 29th day of June, 2017.

BY THE COURT:
/s/
WILLIAM M. CONLEY
District Judge